UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIDEWATER MARINE, LLC** | **CIVIL ACTION NO. 13-0555** |
| **VERSUS** | |
| **WILLIAM F. MARTIN** | **JUDGE \_\_\_\_** <br> **MAGISTRATE \_\_\_\_** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes Tidewater Marine, LLC ("Tidewater Marine"), and for its Complaint for Declaratory Judgment, respectfully avers as follows:

1.

Declaratory plaintiff, Tidewater Marine, is a Louisiana limited liability company authorized to do and doing business within the State of Louisiana, which maintains its principal place of business in New Orleans, Louisiana.

2.

Declaratory defendant, William F. Martin ("Mr. Martin") is a person of the full age of majority and, upon information and belief, a citizen and resident of Florida.

3.

This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 brought for the purpose of determining questions of law and fact in an actual controversy between the parties as hereinafter more fully appears.

4.

This Honorable Court has jurisdiction over this matter pursuant to its admiralty and maritime jurisdiction, 28 U.S.C. § 1333.

5.

Tidewater Marine invokes the special procedures of Rule 9(H) of the Federal Rules of Civil Procedure.

6.

Venue is proper in this Honorable Court, because a substantial part of the acts and/or omissions giving rise to this action occurred within the Eastern District of Louisiana.

7.

In October 2012, Mr. Martin travelled to New Orleans, Louisiana to apply for employment with Tidewater Marine.

8.

On or about October 31, 2012, Mr. Martin underwent a pre-employment physical at Bourgeois Medical Clinic in Louisiana. As part of this examination, Mr. Martin denied any prior injuries to his shoulders, neck or back. He also denied any prior work related injuries. The results of Mr. Martin's pre-employment physical and his answers to the medical questionnaire were transmitted to Tidewater Marine in New Orleans, Louisiana.

9.

On or about February 2, 2013, Mr. Martin was employed by Tidewater Marine, and assigned to work aboard the M/V DENNY TIDE.

10.

On or about February 2, 2013, Mr. Martin began complaining of right shoulder and neck pain while working aboard the M/V DENNY TIDE.

11.

Due to Mr. Martin's continuing complaints of pain, Mr. Martin was flown to the New Orleans area for further treatment on or about February 21, 2013. Mr. Martin underwent an examination at All Industrial Medical Services in Houma, Louisiana on February 21, 2013.

12.

On or about March 7, 2013, Mr. Martin underwent an exam by orthopedic surgeon, Dr. Christopher E. Cenac, Sr. in Houma, Louisiana.

13.

On or about March 7, 2013, Mr. Martin underwent an exam by neurologist, Dr. Donald Gervais, at Southeast Neuroscience Center in Houma, Louisiana.

14.

All of Mr. Martin's medical treatment to date has been paid by Tidewater Marine under protest and with a full reservation of rights.

15.

On or about March 14, 2013, Tidewater Marine received correspondence from an attorney, Mr. Stephen M. Moon, demanding institution of maintenance and cure payments to Mr. Martin.

16.

Tidewater Marine has instituted maintenance and cure payment to Mr. Martin under protest and with a full reservation of rights, pending the outcome of Tidewater Marine's investigation into Mr. Martin's alleged injury.

17.

During a post-incident recorded statement and during his examination by multiple physicians, Mr. Martin admitted to several prior spinal injuries that were not disclosed to Tidewater Marine during the hiring process.

## **COMPLIANCE WITH JONES ACT OBLIGATIONS**

18.

During Mr. Martin's period of employment with Tidewater Marine, he was a seaman and member of the crew of the M/V DENNY TIDE.

19.

At all material times during Mr. Martin's employment with Tidewater Marine, Tidewater Marine acted reasonably and at no time acted in a manner which would amount to negligence under the Jones Act.

20.

At no time during Mr. Martin's aforementioned employment period with Tidewater Marine did Tidewater Marine act negligently within the meaning of the Jones Act in a fashion which caused Mr. Martin to sustain any injury or malady.

**GENERAL MARITIME LAW OBLIGATION - UNSEAWORTHINESS**

21.

At all times during Mr. Martin's employment with Tidewater Marine, all vessels upon which Mr. Martin worked were maintained in a tight, staunch, strong and seaworthy condition.

22.

During the period of Mr. Martin's employment, the vessels upon which Mr. Martin worked were reasonably fit for their intended purpose.

23.

No malady suffered by Mr. Martin was sustained as a consequence of the unseaworthiness of any vessel owned or operated by Tidewater Marine.

**GENERAL MARITIME LAW OBLIGATION - MAINTENANCE AND CURE**

28.

Mr. Martin intentionally concealed relevant medical information during the hiring process that was material to Tidewater Marine's decision to hire him.

29.

As a result of Mr. Martin's failure to disclose prior injuries that were material to Tidewater Marine's decision to hire him, Tidewater Marine is entitled to a ruling that the *McCorpen* defense applies to Mr. Martin's claim for maintenance and cure.

## **PRAYER**

**WHEREFORE**, Tidewater Marine prays that this Honorable Court enter Declaratory Judgment in its favor, finding that:

1. Declaratory plaintiff, Tidewater Marine, was not negligent within the meaning of the Jones Act at any time during the course of the employment of declaratory defendant, Mr. Martin;

2. Declaratory plaintiff, Tidewater Marine, was not negligent in a manner which caused the current maladies of the declaratory defendant, Mr. Martin, including without limitation, injuries to the shoulder, neck and/or back;

3. At all times during Mr. Martin's employment with Tidewater Marine the vessel(s) aboard which Mr. Martin worked, including but not limited to the M/V DENNY TIDE, were tight, staunch, strong, seaworthy and reasonably fit for their intended purpose;

4. At no time during Mr. Martin's employment with Tidewater Marine did the unseaworthiness of any vessel cause any malady to Mr. Martin including without limitation, injuries to the shoulder, neck and/or back; and

5. Tidewater Marine owes no maintenance and cure obligation to the declaratory defendant, Mr. Martin.

Respectfully submitted:

**FRILOT L.L.C.**

　　/s/ Miles P. Clements
**MILES P. CLEMENTS, T.A. (Bar No. 4184)**
**R. PATRICK RAY (Bar No. 33325)**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3600
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
**Attorneys for Tidewater Marine, LLC**

**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS WILL BE SERVED UPON DECLARATORY DEFENDANT, WILLIAM F. MARTIN.**